Romben Aquino
Ferro & Cuccia
100 Lafayette Street, Suite 201
New York, NY 10013
212-966-7775
rombenesque@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Juan Zheng, Wu Chen,
(A# 77-309-611)

          Plaintiffs,

v.

U.S. Citizenship & Immigration Services;
Michael Chertoff, in his official capacity
as Secretary, U.S. Department of Homeland
Security; Emilio Gonzalez, in his official
Capacity as Director, U.S. Citizenship &
Immigration Services; Andrea Quarantillo,
in her official capacity as District Director,
U.S. Citizenship & Immigration Services;

          Defendants.
-----------------------------------------------------------X

**COMPLAINT**

ECF CASE
08-CV-5715
(Holwell, J.)

Plaintiffs Juan Zheng ("Zheng") and Wu Chen ("Chen"), through their undersigned attorney Ferro & Cuccia allege, based on personal knowledge as to themselves and information belief as to all other matters, as follows:

## INTRODUCTION

1. This is an action under the Mandamus Act and the Administrative Procedures Act to compel the United States Citizenship and Immigration Services ("USCIS") to act upon Plaintiffs' applications for immigration relief.

## JURISDICTION

2. The Court has subject matter jurisdiction to hear Plaintiffs' requests for relief under 28 U.S.C §§ 1331 and 1361.

3. Officials and agencies of the United States have been named as defendants. Thus, the Court has jurisdiction under the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 551 et seq. and 5 U.S.C. §§ 701 et seq.

4. The Court has personal jurisdiction over officials and agencies of the United States under 28 U.S.C. § 1346(a)(2).

## VENUE

5. Plaintiffs reside in New York, NY (Manhattan). As no real property is involved in this action, venue in the United States District Court, Southern District of New York is proper under 28 U.S.C. § 1391(e).

## PARTIES

6. Juan Zheng ("Zheng") is a United States citizen. Zheng is married to Wu Chen.

7. Wu Chen ("Chen") is a native and citizen of the People's Republic of China, who is married to Zheng. His alien registration number is 77-309-611.

8. The United States Citizenship and Immigration Services ("USCIS") is the federal agency that has adjudicates applications for immigration benefits.

9. Defendant Michael Chertoff is the duly appointed Secretary of the Department of Homeland Security, which oversees USCIS.

10. Defendant Emilio Gonzalez is the duly appointed Director of USCIS.

11. Defendant Andrea Quarantillo is the duly appointed District Director of the New York district office of USCIS.

## FACTUAL ALLEGATIONS

12. Upon entry to the United States, Chen was deemed to be an "arriving alien" and placed into removal proceedings. On August 23, 2001, an Immigration Judge sitting in New York, NY denied his applications for relief from removal. On December 11, 2002, the Board of Immigration Appeals ("BIA") dismissed his appeal.

13. Arriving aliens were previously not permitted to adjust status on the basis of 8 C.F.R. § 245.1(c)(8). On May 12, 2006, the regulations were amended with an interim rule that permits arriving aliens to adjust status. USCIS now has jurisdiction to adjudicate an application to adjust status filed by an arriving alien. 8 C.F.R. § 245.2(a)(1). USCIS can adjudicate the application independently of the removal proceedings and the existence of a final order of removal does not bar relief. See Matter of Castro-Padron, 21 I&N Dec. 379, 380 (BIA 1996); see also Matter of C-H-, 9 I&N Dec. 265 (INS 1961) ("Exclusion order does not bar eligibility [for adjustment] when alien has been inspected and paroled").

14. On or about June 18, 2006, Zheng filed an I-130 Petition for Alien Relative on behalf of Chen with the appropriate fees. On or about June 22, 2006, USCIS assigned the petition receipt number MSC-06-263-23844.

15. On or about June 18, 2006, Chen filed an I-485 Application to Adjust Status with the appropriate fees. On or about June 22, 2006, USCIS assigned the application receipt number MSC-06-263-23841.

16. On or about June 18, 2006, Chen filed an I-765 Application for Employment Authorization. On or about June 22, 2006, USCIS assigned the application receipt number MSC-06-263-23845.

17. On or about September 6, 2006, USCIS administratively closed Chen's Application for Employment Authorization on the basis that Chen is the "subject of a final removal order."

18. On September 14, 2006, at the Garden City office of USCIS, District Adjudications Officer ("DAO") Lin conducted an interview to assess the bona fides of Zheng and Chen's marriage. Both Zheng and Chen appeared at the interview with counsel from Ferro & Cuccia.

19. On December 8, 2006; February 1, 2007; March 1, 2007; April 6, 2007; May 11, 2007; October 12, 2007; December 6, 2007; February 27, 2008; and May 23, 2008, Ferro & Cuccia submitted letters to the attention of District Adjudications Officer Lin inquiring about the status of the case. Ferro & Cuccia has received no responses to its inquiries.

20. On February 4, 2008, Michael Aytes, the Associate Director of Domestic Operations for USCIS issued an interoffice memorandum indicating that "where the

application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485 . . . and proceed with card issuance."

21. On or about March 17, 2008, Chen submitted a new I-765 Application for Employment Authorization. On or about March 21, 2008, USCIS assigned the application receipt number MSC-08-171-11291.

22. On or about June 5, 2008, USCIS denied Chen's Application for Employment Authorization, indicating that "[n]o alien ordered removed shall be eligible to receive authorization to be employed."

23. USCIS has not yet rendered a decision on Zheng's I-130 Petition for Alien Relative or Chen's I-485 Application to Adjust Status.

24. Defendant Chertoff is responsible for actions and omissions of the Department of Homeland Security, of which USCIS is a part.

25. Defendant Gonzalez is responsible for the actions and omissions of USCIS.

26. Defendant Quarantillo is responsible for the actions and omissions of the New York District Office of USCIS.

27. As a result of USCIS's failure to render a decision on her I-130 Petition, Zheng is unable to make definitive future plans in the United States with her husband Chen.

28. As a result of USCIS's failure to render a decision on his I-485 Application to Adjust Status, Chen is unable to make future plans with his wife Zheng for a life in the United States, to travel, to work, and the many other benefits that are

available to lawful permanent residents. Because his employment authorization was recently denied, Chen is also unable to renew his driver's license.

29. Zheng and Chen have exhausted all administrative remedies available to them.

30. As of this date, over two years have passed since Zheng submitted her I-130 Petition for Alien Relative and Chen submitted his I-485 Application to Adjust Status to USCIS.

31. As of this date, over one year and nine months have passed since Zheng and Chen appeared in front of DAO Lin.

## STATUTORY AND REGULATORY FRAMEWORK

32. Under 8 U.S.C. § 1255(a), authority to adjust the status of an alien to that of an alien lawfully admitted for permanent residence rests with the Attorney General.

33. After the passage of the Homeland Security Act of 2002 (Public Law No. 107-296 Section 1502), this authority now rests with United States Citizenship and Immigration Services.

34. 8 C.F.R. § 245.2(c) indicates that the applicant shall be notified by USCIS of a decision and, if the application is denied, of the reasons therefore.

35. 5 U.S.C. § 555(b) states "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

36. Agency action includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 8 U.S.C. § 551(13).

37. Under 5 U.S.C. § 706, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

## CAUSES OF ACTION

### DEFENDANTS HAVE FAILED TO ACT ON PLAINTIFFS' APPLICATIONS WITHIN A REASONABLE PERIOD OF TIME

38. Plaintiffs refer to and incorporate herein Paragraphs 1 through 37 of this Complaint as though set forth in full hereat.

39. Under 5 U.S.C. § 555(b), each agency "shall proceed to conclude a matter presented to it" "within a reasonable time." Under 5 U.S.C. § 706(1), a Court is empowered to compel agency action that is "unlawfully withheld or unreasonably delayed." Here, Defendants have failed to adjudicate the I-130 Petition filed by Zheng on behalf of Chen for over two years, a patently unreasonable period of time.

40. Under 5 U.S.C. § 555(b), each agency "shall proceed to conclude a matter presented to it" "within a reasonable time." Under 5 U.S.C. § 706(1), a Court is empowered to compel agency action that is "unlawfully withheld or unreasonably delayed." Here, Defendants have failed to adjudicate the I-485 Application to Adjust Status filed by Chen for over two years, a patently unreasonable period of time.

41. Under 28 U.S.C. § 1361, Defendants have breached their duty to act on Plaintiffs' applications and petitions and the Court may compel Defendants to perform their duty.

**WHEREFORE,** Plaintiffs pray that the Court:

(1) Declare that Defendants have unreasonably delayed agency action and compel Defendants to act on Plaintiffs' applications and petitions;

(2) Compel Defendants to perform the duties owed to Plaintiffs; and

(3) Grant such other and further relief as the Court deems just and proper.

Dated:      June 24, 2008
            New York, New York

                                    Respectfully submitted,
                                    FERRO & CUCCIA
                                    _____/s/ Romben Aquino_____


                                    By:_____
                                    Romben Aquino
                                    Ferro & Cuccia
                                    100 Lafayette Street, Suite 201
                                    New York, NY 10013
                                    212-966-7775
                                    rombenesque@gmail.com